IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-99-30-D |
| ) | (No. CIV-07-934-D) |
| JOHNNY MARTON LOTT, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant Johnny Marton Lott's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 268]. The Court has carefully considered the Motion and supporting brief [Doc. No. 269]; the government's Response [Doc. No. 276]; and Defendant's Reply [Doc. No. 283]. For reasons that follow, the Court denies relief.

Defendant was indicted with three co-defendants on February 17, 1999, and charged with multiple drug offenses.[1] After a six-day trial in July, 1999,[2] a jury returned a verdict of guilty on all counts against Defendant: Count 1, conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 846; Counts 2-4, distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1); and Count 9, maintaining a residence to manufacture methamphetamine in violation of 21 U.S.C. § 856(a)(1). After the trial but before sentencing, Defendant made several *pro se* filings in which he complained about the performance of his court-appointed counsel, Jack D. Pointer. One

---

[1] Defendant was indicted with two brothers and a nephew; others were indicted separately. *See United States v. Day*, No. CR-99-149-T (W.D. Okla.); *United States v. Williamson*, No. CR-99-148-T (W.D. Okla.).

[2] The trial began with jury selection on July 12. The presentation of evidence took four days, July 26-29. The jury deliberated and returned their verdicts on July 30.

filing was a motion for appointment of substitute counsel; another was entitled, "Motion for Effective Counsel." All these motions were denied without a hearing by the presiding judge, Senior District Judge Ralph G. Thompson. Defendant was sentenced June 9, 2000, to concurrent terms of imprisonment of 360 months on each of Counts 1-4 and 240 months on Count 9.

Defendant immediately appealed his conviction and sentence and, through other counsel, raised numerous issues. The court of appeals rejected all but one of Defendant's claims of error, ruling that the trial court should have conducted a hearing on Defendant's post-trial allegation of a breakdown in communication with his counsel. *See United States v. Lott*, 310 F.3d 1231, 1250 (10th Cir. 2002), *cert. denied*, 538 U.S. 936 (2003). The court thus affirmed in part, reversed in part, and remanded for an evidentiary hearing regarding whether Defendant should have received substitute counsel for the sentencing phase of his trial. Judge Thompson conducted the required hearing on August 18, 2004, during which both Defendant and Mr. Pointer testified.[3] Defendant's request for substitute counsel was again denied. In a second appeal, Judge Thompson's decision was affirmed January 5, 2006, and certiorari was denied October 2, 2006. *United States v. Lott*, 433 F.3d 718, 721 (10th Cir.), *cert. denied*, 549 U.S. 851 (2006).

In his timely § 2255 Motion, Defendant claims he received ineffective assistance of counsel before and during trial. In support of these claims, Defendant makes new allegations that he provided Mr. Pointer with the names of witnesses who would testify in his defense and "instructed Mr. Pointer to call [Defendant] to the stand to testify on his own behalf" but "Mr. Pointer ignored

---

[3] During his testimony, Mr. Pointer stated that Defendant had refused to assist in his defense "and instead claimed he had been set up and the witnesses were all lying." *United States v. Lott*, 433 F.3d 718, 721 (10th Cir. 2006).

this plausible 'line of defense.'"[4] *See* Def.'s Br. [Doc. 269] at 5; Johnny Lott Aff. [Doc. 269-2], ¶ 4. Defendant also claims Mr. Pointer erred in failing to invoke the rule of sequestration during the trial to prevent the case agent from listening to the testimony of other witnesses before he testified for the prosecution. Defendant identifies four potential witnesses and presents the affidavits of three: Angela Lott, his daughter, who would have testified in support of Defendant if called; Vickie Lott, his ex-wife, who would have testified she supported Defendant financially; and Cheri Lott, his sister, who would have testified that Defendant lived with her during part of the relevant time period. The fourth person is his mother, Carron Corn, now deceased, whose potential testimony is not described. Defendant contends these witnesses "would have testified that Defendant was not involved with illegal activities nor did Defendant possess any lucrative items as that of a drug dealer" but he "would often borrow money from them in order to pay his bills" and at times lived with them. *See* Def. Br. [Doc. 269] at 10.

### Ineffective Assistance of Counsel

> Ineffective assistance of counsel claims are . . . guided by the now familiar *Strickland* test. Under this test, a petitioner must show that "his trial counsel committed serious errors in light of 'prevailing professional norms' and that there is a 'reasonable probability' that the outcome would have been different had those errors not occurred." *United States v. Haddock*, 12 F.3d 950, 955 (10th Cir.1993) (*quoting Strickland*, 466 U.S. at 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

*United States v. Mora*, 293 F.3d 1213, 1217 (10th Cir. 2002) (citations omitted); *see Strickland v. Washington*, 466 U.S. 668, 688, 691-92 (1984). If Defendant's proof fails on either prong of this two-part test, the Court need not determine whether Defendant can satisfy the other prong. *See Fields v. Gibson*, 277 F.3d 1203, 1216 (10th Cir. 2002); *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000).

---

[4] Although the § 2255 Motion is unsigned, Defendant has included a verification in his supporting brief. *See* Def.'s Br. [Doc. 269] at 23. The Court therefore accepts these allegations as true for purposes of ruling on the Motion.

The Supreme Court explained in *Strickland* the "highly deferential" degree of scrutiny to be applied to an attorney's strategic decisions:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Strickland*, 466 U.S. at 689; *see Kennedy*, 225 F.3d at 1197 ("There is a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption.").

### A.     Failure to Call Defense Witnesses

"Generally, the decision whether to call a witness rests within the sound discretion of trial counsel." *Jackson v. Shanks*, 143 F.3d 1313, 1320 (10th Cir. 1998). Defendant has not provided any basis to overcome the presumption of Mr. Pointer's effectiveness regarding trial witnesses; he simply argues that Mr. Pointer ignored Defendant's "strategic choices" concerning his defense. *See* Def.'s Br. [Doc. 269] at 9. Defendant does not contend any family member had personal knowledge of facts relevant to the prosecution's case against him. The government presented physical evidence connecting Defendant to two residences that contained methamphetamine labs, testimony concerning controlled drug buys and visual surveillance by law enforcement officers, and testimony of cooperating witnesses with personal knowledge of Defendant's methamphetamine manufacturing and distribution operation. *See Lott*, 310 F.3d at 1235-36 (summarizing the government's evidence). Moreover, the government's evidence of Defendant's guilt of the offenses charged in the Indictment was overwhelming. Defendant has not demonstrated a reasonable probability that the testimony

4

of his family members might have affected the outcome of his trial. Therefore, the Court finds this claim of ineffective assistance lacks merit.

### B. Failure to Allow Defendant to Testify

Defendant's claim that Mr. Pointer refused his request to take the witness stand in his own defense implicates a constitutional right of Defendant to testify. The allegation that Mr. Pointer denied Defendant this right, if true, might establish a serious error by trial counsel and satisfy the first prong of the *Strickland* test. *See United States v. Williams*, 139 F. App'x 974, 977 (10th Cir. 2005) ("If Williams' trial counsel did prevent him from testifying against his wishes, this conduct would fall below an objective standard of reasonableness and would satisfy the first prong of Strickland.") (citing *United States v. Teague*, 953 F.2d 1525, 1534 (11th Cir.1992)); *accord United States v. Beers*, 110 F. App'x 53, 54-55 (10th Cir. 2004). The government denies Defendant made such a request, and presents Mr. Pointer's affidavit stating that he twice inquired of Defendant if he wanted to testify and Defendant twice declined. *See* Pl.'s Resp., Ex. 2, ¶¶ 8-9. On the other hand, Defendant presents his own affidavits stating that he told Mr. Pointer he wanted to testify. *See* Def.'s Br., Ex. 1 [Doc. 269-2], ¶ 4; Reply Br., Ex. 1 [Doc. 283-2], ¶ 8. This factual issue regarding counsel's performance need not be resolved, however, due to a lack of prejudice.

"Even if his trial counsel ignored his desire to testify, and thus rendered ineffective assistance, [Defendant] must still show prejudice, which is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Williams*, 139 F. App'x at 977 (quoting *Strickland*, 466 U.S. at 694). Here, Defendant fails to address whether his failure to testify affected the outcome of his trial; he does not describe the nature of his intended testimony. Presumably, he would have denied any involvement in the criminal activity established by the prosecution's case in chief and would have testified that all other witnesses' testimony was

false. It is highly unlikely such self-serving testimony would have influenced the jury's verdict in light of the government's overwhelming evidence, discussed above, of Defendant's guilt. On similar facts, the court of appeals has concluded that the defendant had "not shown a reasonable probability that the outcome of this prosecution would have been different if he had testified at trial." *See United States v. Hunt*, 62 F. App'x 257, 258 (10th Cir. 2003) (government's evidence of the defendant's methamphetamine distribution was overwhelming and he wished to deny living in the residence or selling methamphetamine to the informant).

Because Defendant has not alleged or shown that he suffered any prejudice as a result of counsel's alleged error in failing to call him as a witness, this ineffective assistance claim fails on the second prong of the *Strickland* test. Therefore, the Court finds this claim lacks merit.

### C.     Failure to Invoke the Rule of Sequestration

Defendant claims Mr. Pointer should have invoked the rule of sequestration in order to exclude Detective Phil Long, the case agent, from the courtroom during the testimony of other witnesses. This claim is frivolous.

The rule of sequestration is codified in Fed. R. Evid. 615, which provides exceptions for "an officer or employee of a party which is not a natural person designated as its representative by its attorney" and "a person whose presence is shown by a party to be essential to the presentation of the party's cause." Fed. R. Evid. 615(2)-(3). The Tenth Circuit has joined all other federal circuits in holding "that the government may designate a case agent responsible for an investigation as its representative under Rule 615(2). Consequently, the court need not instruct the designated case agent to leave the courtroom, even though that agent may also be a witness." *United States v.*

*Avalos*, 506 F.3d 972, 978 (10th Cir. 2007), *vacated on other grounds*, 129 S. Ct. 993 (2009).[5] Here, Detective Long was an Oklahoma City Police Officer and may or may not have been considered a federal officer or employee for purposes of Rule 615(2). However, Defendant acknowledges Detective Long was the case agent for an investigation of the Lott brothers that began in 1998. *See* Def.'s Br. [Doc. 269] at 19. Thus, Detective Long undoubtedly would have fallen within the scope of Rule 615(3). As the person most knowledgeable about the facts, he was essential to the government's presentation of its case against the Lotts. In short, regardless of whether Mr. Pointer invoked Rule 615, Detective Long would have been permitted to remain in the courtroom. Further, Defendant's belief that Detective Long's presence in the courtroom affected the outcome of his trial is mere speculation.

## Conclusion

For the above reasons, Defendant has failed to establish a claim of ineffective assistance of counsel.[6]

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 268] is DENIED.

IT IS SO ORDERED this 6th day of July, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[5] In a subsequent unpublished order, the court of appeals remanded the case to the district court for resentencing but expressly reaffirmed the part of the published opinion cited here, which "remains valid and retains its precedential value." *See United States v. Avalos*, 315 F. App'x 731, 733-34 (10th Cir. 2009).

[6] Because the existing record conclusively shows Defendant is not entitled to relief, no evidentiary hearing is needed. *See United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996); 28 U.S.C. § 2255(b).